UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. JAY SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | Case No. 20-cv-04335-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Before the Court is the motion to dismiss filed by Defendants Ralph Diaz, Ron Davis, R. Feston, B. Haub, and M. Bloise. Dkt. No. 25. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

**I.   BACKGROUND**

For purposes of deciding the motion, the Court accepts the following as true:

Plaintiff C. Jay Smith is an incarcerated transgender woman currently serving a 25 years-to-life sentence with the possibility of parole. While incarcerated at San Quentin State Prison from 2013 to 2019, Plaintiff was sexually assaulted by another incarcerated person. These attacks were the result of San Quentin's and the California Department of Corrections and Rehabilitation's ("CDCR") failure to implement provisions of the Prison Rape Elimination Act ("PREA"), a federal law intended to deter the sexual assault of incarcerated people. After Plaintiff reported her assault to San Quentin staff, the staff failed to adequately investigate her complaints and instead retaliated against her by falsifying three Rules Violation Reports ("RVRs"). Plaintiff has appealed the RVRs but, until they are successfully adjudicated, they prevent her from receiving good-time credits to offset her prison classification score and permit her participation in prison rehabilitation programs.

In June 2020, Plaintiff filed this action against Defendant state officials at CDCR and San Quentin, alleging misconduct made in their official capacities against Plaintiff while incarcerated at San Quentin between 2018 and 2019. Dkt. No. 1 ("Compl."). Plaintiff brings the following Section 1983 claims: (1) an Eighth Amendment claim against Defendants Diaz and Davis for failure to protect; (2) a Fourteenth Amendment claim against Defendants Duke, Haub, Bloise, and Taylor for a violation of equal protection based on gender or transgender status; (3) a Fourteenth Amendment claim against Defendants Feston, Haub, and Bloise for a violation of due process; and (4) a Fourteenth Amendment claim against Defendants Duke, Haub, Bloise, Franco, and Taylor for retaliation based on Plaintiff's PREA complaint.

Defendants Diaz, Davis, Feston, Haub, and Bloise now move to dismiss Plaintiff's first and third claims.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless,

---

[1] Defendants T. Duke, Y. Franco, and M. Taylor do not join this motion. Instead, they moved to stay their responsive pleading deadline until 14 days after the Court ruled on this motion to allow Defendants to serve a single Answer. The Court granted the motion to stay. Dkt. No. 28.

courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

### III. DISCUSSION

#### A. Requests for Judicial Notice

Defendants request that the Court take judicial notice of three RVRs issued and one RVR re-issued against Plaintiff as the result of prison disciplinary proceedings. Dkt. No. 25-1. Plaintiff objects to Defendants' request. Dkt. No. 32-2.

"Federal courts have recognized that RVRs fall within the category of public records subject to judicial notice." *Daniels v. Valencia*, No. 1:17-CV-00492-DAD-EPGPC, 2018 WL 3640321, at *3 (E.D. Cal. July 30, 2018) (collecting cases), report and recommendation adopted, No. 1:17-CV-00492-DAD-EPG, 2018 WL 4636186 (E.D. Cal. Sept. 26, 2018).

While the Court will not take judicial notice of the truth of the factual allegations described in the RVRs since they are subject to reasonable dispute, the Court will take judicial notice of (1) the charges brought against Plaintiff, (2) the fact that Plaintiff was found guilty, and (3) the punishment imposed. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b))).

#### B. Section 1983 Eighth Amendment Claim (Claim 1)

To state a Section 1983 claim under the Eighth Amendment against prison officials, Plaintiff must establish that (1) the deprivation alleged is, objectively, sufficiently serious and (2) the prison official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official exhibits deliberate indifference when the official knows of and disregards a substantial risk of serious harm to inmate health or safety. *Id.* at 837.

Section 1983 liability for a supervisory prison official attaches "only if (1) he or she is

3

personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Id*.

Plaintiff's first claim alleges under Section 1983 that CDCR Secretary Diaz and San Quentin Warden Davis violated the Eighth Amendment by failing to implement PREA Rules and putting Plaintiff in conditions with an increased risk of sexual assault and harassment. But Plaintiff's claim is insufficiently pled for multiple reasons.

First, the Complaint does not contain any factual allegations that raise the inference that either Diaz or Davis was deliberately indifferent to Plaintiff's increased risk of harm. The Complaint's assertion that Diaz's and Davis's alleged failure to implement PREA rules amounted to "deliberate indifference to Plaintiff's and other transgender people's increased risk of being the victim of violence," Compl. ¶ 160, is an unsupported legal conclusion.

Second, Plaintiff fails to provide factual allegations to establish a causal connection between Diaz's and Davis's alleged failure to implement PREA policy and Plaintiff's alleged constitutional injury. The fact that Diaz and Davis were in charge of San Quentin does not in itself make them liable, because there is no respondeat superior liability under Section 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). And the alleged failure to implement PREA rules is not so inherently deficient as to constitute "a repudiation of constitutional rights and the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977. The Complaint asserts that Defendants knew there was a substantial risk of serious harm to Plaintiff based on their "failure to implement the PREA Rules," Compl. ¶ 159, but this is another legal conclusion that does not plausibly support with facts the necessary inference that Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff. *Farmer*, 511 U.S. at 834.

The Court thus grants Defendant's motion to dismiss as to Plaintiff's first claim.

4

### C. Section 1983 Fourteenth Amendment Due Process Claim (Claim 3)

Plaintiff's third claim, a Section 1983 Fourteenth Amendment due process claim, alleges that Defendants Feston, Haub, and Bloise repeatedly violated Plaintiff's due process rights by falsifying – and improperly adjudicating the appeal of – three RVRs against Plaintiff. Defendants move to dismiss the claim on the grounds that it (1) is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and (2) not sufficiently pled.

#### i. *Heck v. Humphrey* Bar

Defendants challenge Plaintiff's third claim as barred by *Heck* because judgment in Plaintiff's favor would necessarily imply the invalidity of her conviction or sentence. *See* 512 U.S. at 486-87 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

"[C]hallenges to disciplinary proceedings are barred by *Heck* only if the § 1983 action would be 'seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served.'" *Nettles v. Grounds,* 830 F.3d 922, 928-29 (9th Cir. 2016) (citing *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (per curiam)). However, as Plaintiff noted during oral argument, because Plaintiff is serving an indeterminate 25-to-life sentence, her claim is not barred by *Heck*. *See id.* ("If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." (internal citation omitted)). With this understanding, Defendants conceded at oral argument that *Heck* does not bar Plaintiff's claim.

#### ii. Procedural Due Process

Defendants also argue that Plaintiff fails to state a procedural due process claim. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "However, when a prison disciplinary proceeding may result in the loss of good time credits, due

1    process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the
2    disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional
3    goals, to call witnesses and present documentary evidence in his defense; and (3) a written
4    statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action."
5    *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). In addition, procedural due process requires that
6    the findings of the prison disciplinary board be supported by "some evidence" in the record. *Id*.

7    Plaintiff's allegations sufficiently allege a Section 1983 procedural due process claim. For
8    each RVR and appeal, the Complaint identifies the specific procedural due process protection
9    Plaintiff did not receive and how each of the accused Defendants were involved. In particular,
10   Plaintiff alleges that Defendants Feston, Haub, and Bloise each reviewed her appeals of RVRs for
11   which they also served as Senior Hearing Officers. Compl. ¶¶ 134-48. Moreover, with respect to
12   the RVR for possession of a deadly weapon, the CDCR "explicitly concluded that there had been
13   Disciplinary Due Process violations in the processing of the appeal for failing to call [Plaintiff's]
14   witness or giving a reason why they were not called" and admitted that Plaintiff "was not afforded
15   disciplinary due process." *Id.* ¶ 148.

16   Accordingly, the Court denies Defendants' motion to dismiss as to Plaintiff's third claim.

17   **D.    Injunctive Relief**

18   Defendants move to dismiss Plaintiff's injunctive relief claim concerning San Quentin as
19   moot under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a party may move to
20   dismiss based on the district court's lack of subject-matter jurisdiction. *See* Fed. R. Civ. P.
21   12(b)(1). Because mootness pertains to a federal court's subject-matter jurisdiction, it is properly
22   raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *White v. Lee*, 227
23   F.3d 1214, 1242 (9th Cir. 2000). "[I]n a Rule 12(b)(1) motion, the district court is not confined by
24   the facts contained in the four corners of the complaint—it may consider facts and need not
25   assume the truthfulness of the complaint." *Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4
26   (9th Cir. 2006).

27   "When an inmate has been transferred to another prison and there is no reasonable
28   expectation nor demonstrated probability that [s]he will again be subjected to the prison conditions

from which [s]he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot." *Brown v. Amis*, No. 16-CV-00603-HSG (PR), 2018 WL 3159224, at *2 (N.D. Cal. June 28, 2018) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) and *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012)). A claim that the inmate might be transferred back to the prison where the injury occurred is too speculative to overcome mootness. *Dilley*, 64 F.3d at 1369. The fact that other inmates will continue to be subject to the allegedly improper policies also does not overcome mootness because those inmates can bring their own cases. *Alvarez*, 667 F.3d at 1065.

Before filing this action, Plaintiff was transferred from San Quentin to the California Medical Facility in Vacaville, California. Compl. ¶ 29. Because Plaintiff has not been incarcerated at San Quentin since 2019 and fails to demonstrate a reasonable expectation or probability that she will be housed at San Quentin again, her claim for injunctive relief from the conditions of her confinement at San Quentin must be dismissed as moot. *See Darring v. Kincheloe*, 783 F.2d 874, 876-77 (9th Cir. 1986) (inmate's injunctive relief claim should be dismissed as moot when inmate transferred to another prison and no reasonable expectation or demonstrated probability that inmate would again be subjected to conditions from which he seeks injunctive relief). Plaintiff's allegation that she "may be transferred" back to San Quentin is "too speculative" to prevent mootness. *Dilley*, 64 F.3d at 1369.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion as follows:

1. Defendants' motion is **GRANTED** with leave to amend as to Plaintiff's Section 1983 Eighth Amendment claim.

2. Defendants' motion is **DENIED** as to Plaintiff's Section 1983 Fourteenth Amendment due process claim.

3. Defendants' motion is **GRANTED** without leave to amend as to Plaintiff's claim for injunctive relief concerning San Quentin.

If Plaintiff can cure the pleading deficiencies described above with regard to the Eighth Amendment claim, she shall file an amended complaint within 21 days from the date this order is

7

filed.  The Court's stay of the responsive deadline for Defendants Duke, Franco, and Taylor, Dkt. No. 28, will remain in place until 21 days after the date this order is filed.

**IT IS SO ORDERED.**

Dated: 3/18/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge