1  Felicia Medina (SBN 255804)
   fmedina@medinaorthwein.com
2  Jennifer Orthwein (SBN 255196)
   jorthwein@medinaorthwein.com
3  Alexander Brooks (SBN 340178)
   abrooks@medinaorthwein.com
4  MEDINA ORTHWEIN LLP
   230 Grand Avenue, Suite 201
5  Oakland, CA 94610
   Telephone: (510) 823-2040
6  Facsimile: (510) 217-3580
7
8  *Attorneys for Plaintiff C. Jay Smith*

ROB BONTA
Attorney General of California
PREETI K. BAJWA
Supervising Deputy Attorney General
SHAINA ALCHECK
Deputy Attorney General
ERIC MIERSMA
Deputy Attorney General
State Bar No. 190819
  600 West Broadway, Suite 1800
  San Diego, CA 92104
  Telephone:  (619) 738-9061
  E-mail:  Eric.Miersma@doj.ca.gov

*Attorneys for Defendants Bloise, Davis, Diaz,*
*Duke, Feston, Franco, Haub, and Taylor*

9

10

11             **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
12               **OAKLAND DIVISION**

13

14  C. JAY SMITH (a/k/a CARY KEETON SMITH),          Case No. 4:20-cv-04335-HSG

15       **Plaintiff,**                              **STIPULATED ORDER RE: DISCOVERY**
                                                     **OF ELECTRONICALLY STORED**
16       v.                                          **INFORMATION FOR STANDARD**
                                                     **LITIGATION**
17  RALPH DIAZ; RON DAVIS; T. DUKE; R.
18  FESTON; B. HAUB; M. BLOISE; Y. FRANCO; and
    M. TAYLOR,                                       Judge:  Hon. Haywood S. Gilliam, Jr.
19                                                   Trial Date:  October 21, 2024
         **Defendants.**                             Action Filed:  June 29, 2020
20

21

22

23

24

25

26

27

28

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR
STANDARD LITIGATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1. **Purpose**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2. **Cooperation**

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3. **Liaison**

The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.

### 4. **Preservation**

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

a) ESI created or received from April 6, 2018 (approximately three years before Defendant's issuance of a preservation notice) to the present will be preserved, and, if possible, ESI created or received from January 1, 2018 to April 6, 2018 will be preserved as well, to the extent the ESI is reasonably accessible and available for preservation. Plaintiffs will move the Court to order Defendants to preserve ESI from December 31, 2013 to December 31, 2017.

b) The Parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved. The Parties shall add or remove custodians as reasonably necessary.

c) The Parties will agree on the number of custodians per party for whom ESI will be preserved.

d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced [e.g., backup media and systems no longer in use that cannot be

---

Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation
Case No. 4:20-cv-04335-HSG                                                                                          1

1    accessed]: Landline telephone messages are not retained and some backup media/storage may

2    be unduly burdensome or costly to pursue.  Data going back 10 or more years may no longer

3    be available and subject to routine data retention policies. The E-mail retention policy is three

4    years, so older e-mails may not be recoverable.  Cell phone and computer searches may be

5    impacted if the device is no longer available or accessible.

6    e) Among the sources of data the Parties agree are not reasonably accessible, the Parties agree

7    not to preserve backup media created before 2013.

8    f) The Parties agree data from these sources, under the proportionality factors, should not be

9    preserved for data predating January 1, 2018:

10   • Telephone voicemails to landline telephone numbers;

11   • Deleted, slack, fragmented, or other data accessible only by forensics;

12   • Random access memory (RAM), temporary files, or other ephemeral data that are difficult

13   to preserve without disabling the operating system;

14   • On-line access data such as temporary internal files, history, cache, cookies, and the like;

15   • Data in metadata fields that are frequently updated automatically, such as last-opened

16   dates;

17   • Back-up archival data that are substantially duplicative of data that are more accessible

18   elsewhere;

19   • Server, system, or network logs;

20   • Data remaining from systems no longer in use that is unintelligible on the systems in use;

21   • Ephemeral data automatically deleted by its nature or design by the application, settings,

22   or operating system.

23   **5.  Search**

24   The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate,

25   they will meet and confer about methods to search ESI in order to identify ESI that is subject to production

26   in discovery and filter out ESI that is not subject to discovery.

27   **6.  Production Formats**

28   The Parties agree to produce single page searchable TIFF files with page breaks, load files, and

metadata including, if available:

- Email Author

- Recipients

- CC

- BCC

- Email Subject

- Email Sent Date/Time

- Email Received Date/Time

- Beg Bates

- End Bates

- Beg Attach

- End Attach

- Attachment Range

- Document Author

- Document Title

- Document Created Date/Time

- Document Modified Date/Time

Audio and video files will be produced in their native format.  If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

Where a document family has more than one identical copy of the family (i.e., the documents are visually the same and contain the same electronic text and metadata), the Parties need only produce a single copy of that document family.  ESI may be de-duplicated across custodians.

**7. Phasing**

When a Party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the Parties agree to phase the production of ESI and the initial production will be from the following sources and custodians [Defense, list custodians whose records you have preserved other than those already listed]: Defendants R. Diaz, R. Davis, R. Feston, B. Haub, M. Bloise, Y. Franco, T. Duke, and M. Taylor; Associate Warden

1  G. Forncrook and San Quentin PREA Coordinator C. Guerrero.  Following the initial production, the

2  Parties will meet and confer as necessary to prioritize the order of any subsequent productions.

3  **8.  Documents Protected From Discovery**

4      a)  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected

5          document, whether inadvertent or otherwise, is not a waiver of privilege or protection from

6          discovery in this case or in any other federal or state proceeding. For example, the mere

7          production of privileged or work-product-protected documents in this case as part of a mass

8          production is not itself a waiver in this case or in any other federal or state proceeding.

9      b)  The Parties will provide a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A). The Parties

10         agree to negotiate a reasonable time within which to exchange privilege logs after the

11         corresponding production of documents.

12 **9.**  Communications involving trial counsel that post-date the filing of the Complaint need not be

13     placed on a privilege log. Communications may be identified on a privilege log by category, rather

14     than individually, if appropriate.

15 **10. Modification**

16     This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for

17 good cause show.

18

19 **IT IS SO STIPULATED**.

20

21 Dated: November 22, 2023         _____

                                            Felicia Medina

22                                             Medina Orthwein LLP

23                                             *Attorney for Plaintiffs*

24

25

26 Dated: November 22, 2023             */S/ Eric Miersma*

                                            Eric Miersma

27                                             Deputy Attorney General

28                                             *Attorney for Defendants*

1

2 **IT IS SO ORDERED.**

3

4 Dated:    11/27/2023

Hon. Haywood S. Gilliam, Jr.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28