UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. JAY SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | Case No. 20-cv-04335-HSG<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 110, 124 |

Pending before the Court are administrative motions to seal materials filed in support of Defendants' motion for summary judgment, Dkt. No. 110, and in opposition to the motion, Dkt. No. 124. For the reasons detailed below, the Court **DENIES** the motions. Dkt. Nos. 110, 124.

**I.   LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6        The Court must "balance[] the competing interests of the public and the party who seeks to
7  keep certain judicial records secret.  After considering these interests, if the court decides to seal
8  certain judicial records, it must base its decision on a compelling reason and articulate the factual
9  basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5
10 supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a
11 document or portions of it under seal "must explore all reasonable alternatives to filing documents
12 under seal, minimize the number of documents filed under seal, and avoid wherever possible
13 sealing entire documents . . . ." Civil L.R. 79-5(a).  The party must further explain the interests
14 that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
15 alternative to sealing is not sufficient.  *See* Civil L.R. 79-5(c).

16       Records attached to nondispositive motions must meet the lower "good cause" standard of
17 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18 tangentially related, to the underlying cause of action."  *See Kamakana*, 447 F.3d at 1179–80
19 (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm
20 will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of
22 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman*
23 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.  DISCUSSION

25       Because the documents that the parties seek to seal are attached to dispositive motions, the
26 Court applies the compelling reasons standard.

27       *First*, Defendants seek to seal the memorandum that prison officials prepared as part of the
28 investigation into Plaintiff's PREA complaint, which Defendants filed in support of their motion

for summary judgment. *See* Dkt. No. 110. Defendants contend that "[d]isclosure of this information would potentially jeopardize the list of confidential informants listed in this document and would jeopardize the security of the institution." *See* Dkt. No. 110 at 2. Aside from this high-level statement, however, Defendants do not explain how this document, if made public, could jeopardize the institution. Nor do they explain why narrower redactions could not address any such issues. The nature of Defendants' PREA investigation, including this report, are at the heart of this case. Defendants have not shown that compelling reasons exist to seal the document in its entirety.

*Second*, Plaintiff filed a motion to consider whether another party's material should be sealed. *See* Dkt. No. 124. The motion addresses exhibits that Plaintiff filed in opposition to Defendants' motion for summary judgment, as well as references to those exhibits in Plaintiff's opposition papers. *Id.* When Defendants produced these documents to Plaintiff in discovery, they were designated as "Attorneys' Eyes Only." *Id.* Defendants did not file a declaration in support of sealing these documents as required under Civil Local Rule 79-5(f)(3). And as Civil Local Rule 79-5(c) explains, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015). To the extent Plaintiff relies on the confidential designation as a reason to seal these documents, this is insufficient.

Plaintiff also appears to argue that these documents should be sealed for the separate reason that they contain information relating to sensitive and confidential information about Plaintiff's correctional records that could present a danger to her safety and security if made public. *See* Dkt. No. 124-1 at ¶¶ 4, 6. Plaintiff makes no effort to explain how this information would endanger Plaintiff, and the requests do not seem "narrowly tailored to seal only the sealable material," as required under Civil L.R. 79-5(c)(3). The need to narrowly tailor sealing requests is particularly critical where, as here, at least some of the information in the documents is central to

3

the parties' summary judgment arguments and, therefore, the public's understanding of this case. Plaintiff has not shown that compelling reasons exist to seal these documents in their entirety.

### III. CONCLUSION

The Court **DENIES** the motions to seal. Dkt. Nos. 110, 124. The Court **DIRECTS** the parties to meet and confer and file public versions and revised redactions as needed of all documents for which the proposed sealing has been denied, or file a new motion to seal, within seven days of this order.

**IT IS SO ORDERED.**

Dated:  3/28/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge