UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. JAY SMITH,<br>　　　　　Plaintiff,<br>　　v.<br>T. DUKE, et al.,<br>　　　　　Defendants. | Case No. 20-cv-04335-HSG<br>**ORDER GRANTING MOTION TO SEAL**<br>Re: Dkt. No. 146 |

Pending before the Court is Plaintiff C. Jay Smith's administrative motion to seal materials filed in support of Defendants' motion for summary judgment. Dkt. No. 146. For the reasons detailed below, the Court **GRANTS** the motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1   vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2   scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3   *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4   may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5   without more, compel the court to seal its records." *Id.*

6       The Court must "balance[] the competing interests of the public and the party who seeks to
7   keep certain judicial records secret. After considering these interests, if the court decides to seal
8   certain judicial records, it must base its decision on a compelling reason and articulate the factual
9   basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
10  supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
11  document or portions of it under seal "must explore all reasonable alternatives to filing documents
12  under seal, minimize the number of documents filed under seal, and avoid wherever possible
13  sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests
14  that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
15  alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

16      Records attached to nondispositive motions must meet the lower "good cause" standard of
17  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18  tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
19  (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
20  will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21  307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
22  harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
23  *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

24  **II.   DISCUSSION**

25      Because the document that Plaintiff seeks to seal is attached to a dispositive motion, the
26  Court applies the compelling reasons standard. Plaintiff seeks to seal portions of Exhibit F to the
27  Declaration of Eric Miersma, filed in support of Defendants' Motion for Summary Judgment.
28  Dkt. No. 109-1, Ex. F. The Exhibit contains Plaintiff's classification reviews from her

confidential correctional records. *Id.* Plaintiff acknowledges that this document has been, and remains, available on the public docket. *See* Dkt. No. 146 at 1. However, she still seeks to seal specific portions of this Exhibit. Plaintiff argues that its continued availability on the public docket places her at increased risk of physical violence while she remains incarcerated. *See id.*; *see also* Dkt. No. 146-1 ("Orthwein Decl.") at ¶¶ 6–9. Specifically, Plaintiff explains that portions of the records falsely indicate that Plaintiff committed a sex crime. *Id.* Although erroneous, Plaintiff argues that if discovered by other incarcerated people, she will be at increased risk of physical violence. *See* Orthwein Decl. at ¶¶ 7–9. Plaintiff also points out that as a transgender woman she is already a member of one of the most vulnerable populations in CDCR custody. *See id.* at ¶ 8.

On the other hand, the public's interest in this information is minimal. Plaintiff's criminal history is not at issue in this case, and the Court did not rely on the information that Plaintiff seeks to redact in ruling on the motion for summary judgment. *See* Dkt. No. 142. Moreover, the parties have settled this case, so Plaintiff's criminal history and classification will not be relevant in any future motion or trial either. The Court finds that Plaintiff has presented compelling reasons to seal this information and **GRANTS** the motion.

### III.  CONCLUSION

The Court **GRANTS** the motion to seal portions of Exhibit F to the Declaration of Eric Miersma, filed in support of Defendants' Motion for Summary Judgment. Dkt. No. 146. The Clerk is directed to lock Dkt. No. 109 so it is no longer publicly available on the docket. Plaintiff is **DIRECTED** to coordinate with Defendants to file a public version of Defendant's motion for summary judgment and accompanying exhibits, including Mr. Miersma's declaration with the proposed redactions to Exhibit F. Plaintiff shall file this redacted version on the docket within seven days of this order.

**IT IS SO ORDERED.**

Dated:    11/5/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge